IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN MEYER )
)
v. ) NO. 3:19-0414
)
BRAD JONES, et al. )

**TO:** Honorable William L. Campbell, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 24, 2019 (Docket Entry No. 5), the Court referred this *pro se and in forma pauperis* case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Pending before the Court is the motion to dismiss (Docket Entry No. 9) filed by Defendants Brad Jones and Gregory Washburn, to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 13. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

John Meyer ("Plaintiff") is a resident of Cincinnati, Ohio. He filed this lawsuit *pro se* and *in forma pauperis* on May 17, 2019, based upon events that occurred in Tennessee. *See* Complaint (Docket Entry No. 1). He alleges that he was damaged by the wrongful actions of Brad Jones ("Jones") and Gregory Washburn ("Washburn"), two police officers employed by the Gallatin, Tennessee Police Department, and he seeks compensatory and punitive damages. *Id*. at 5.

The following facts are summarized from the allegations in Plaintiff's complaint (Docket Entry No. 1 at 1-5) and from documents attached to the complaint. *Id*. at 6-10. On March 12, 2017, Plaintiff was arrested by Jones at a department store in Gallatin, Tennessee, and charged with misdemeanor theft after being accused by the store's loss prevention agent, Kimberly White

("White"), of shoplifting computer software programs from the store. Plaintiff was detained at the Sumner County Jail before being released on bail the next day. While Plaintiff was detained, the vehicle he had been driving was impounded and towed away from the store's parking lot by the Gallatin Police Department. Plaintiff asserts that he then returned to Cincinnati with his brother and brother-in-law, apparently in another vehicle.

A Supplemental Police Report created by Jones after the arrest states that: (1) White informed Jones that Plaintiff had admitted to stealing software programs from several stores; (2) approximately $8,894.19 in cash was taken from Plaintiff's person upon his intake into the Jail and was logged into evidence; and (3) a criminal history check run on Plaintiff after his arrest revealed approximately 22 criminal convictions for theft related felonies and misdemeanors. *Id*. at 6.[1] Jones and Washburn then met about the case and Washburn thereafter obtained a search warrant for the impounded vehicle. The search warrant was executed on March 14, 2017, and copies of "TurboTax" computer software programs worth approximately $10,305.31 were found in the vehicle, as well as personal identifying information for Plaintiff. *Id*. at 7 and 10. Washburn then completed an arrest warrant on March 15, 2017, charging Plaintiff with felony shoplifting. *Id*. at 7. Plaintiff was arrested on May 19, 2017. *Id*. He alleges that he ultimately entered into a plea negotiation, leading to his plea of guilty to the misdemeanor charge and a sentence of 11 months and 29 days of incarceration, which he served in the Sumner County Jail. *Id*. at 3, ¶ 11.

In his complaint, Plaintiff asserts that his claim against Jones and Washburn "arise out of false statements used to obtain a search warrant for the vehicle that the Plaintiff had been driving." *Id*. at ¶ 2. Specifically, he alleges that Jones "stated that Plaintiff admitted to shoplifting from other Walmart Stores," *id*. at ¶ 23, and that Washburn "stated on the Affidavit in Support of Search Warrant that the Plaintiff 'admitted to stealing from other Walmarts in other jurisdictions.'" *Id*. at ¶ 24. Plaintiff declares that "he did not make such a statement at any time." *Id*. at ¶ 25. Plaintiff

---

[1] Although Plaintiff attached to his complaint the Supplemental Report created by Jones, he did not include the underlying report made by Jones.

asserts that he was charged with felony theft as a result of the search of the vehicle and that the felony charge, although it was ultimately dismissed as part of the plea agreement, "was used as leverage to get the Plaintiff to agree to a longer sentence" than he would otherwise have received on the misdemeanor theft charge. *Id*. at ¶ 11.

Upon initial frivolity review and with the application of a liberal construction to Plaintiff's complaint, the Court found that Plaintiff alleged arguable an claim under 42 U.S.C. § 1983 that Jones and Washburn (hereinafter referred to collectively as "Defendants") violated his constitutional rights by making false statements in the criminal proceedings brought against Plaintiff. However, the Court dismissed claims Plaintiff brought against White, Wal-Mart Stores, Inc., and the City of Gallatin, Tennessee. *See* Docket Entry No. 5.[2] In lieu of an answer, Defendants have filed the pending motion to dismiss.

## II. MOTION TO DISMISS, RESPONSE, AND REPLY

Defendants seek dismissal of this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is barred by the applicable one-year statute of limitations for civil rights claims brought under 42 U.S.C. § 1983. *See* Memorandum in Support (Docket Entry No. 10) at 4-6. They also argue that Plaintiff's claim should be dismissed because the search warrant was supported by probable cause arising from other evidence even if the statements alleged to be false were excluded from the affidavit that Washburn submitted in support of the search warrant. *Id*. at 6-7. Finally, Defendants contend that the copies of TurboTax software found in the vehicle as a result of the search warrant would have been inevitably discovered by police officers during an inventory search of the vehicle upon its impoundment. *Id*. at 8-9.

Plaintiff responds by acknowledging that the one-year statute of limitations applies but arguing that his claim is timely because he did not suffer an actual injury because of Defendants'

---

[2] In addition to the instant lawsuit, Plaintiff has also filed a lawsuit against the defense attorney who represented him in the Sumner County criminal case. *See Meyer v. John Pellegrin*, 3:19-0413.

3

actions until May 17, 2018, when he accepted a longer sentence on the misdemeanor charge because of the threat of the felony charge, a charge which he contends stemmed from the illegal search of the vehicle. See Response (Docket Entry No. 13) at 2. Plaintiff disputes that there was any evidence other than the false statements that would have created probable cause for the search warrant and further contends both that the vehicle was wrongfully impounded and that there was no evidence that the copies of TurboTax software uncovered in the vehicle were in fact stolen. *Id*. at 2-3.

Defendants reply that Plaintiff was aware of the injury caused by the alleged illegal search no later than, May 19, 2017, when he was arrested on the felony theft charge and, thus, his lawsuit was not timely filed. See Reply (Docket Entry No. 14) at 1-2. Defendants contend that Plaintiff's other arguments against dismissal rely upon facts not alleged in his complaint and are based upon faulty factual and legal reasoning. *Id*. at 2-5.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in a plaintiff's favor, and construe the complaint liberally in favor of a *pro se* plaintiff. See *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Although the Court is required to liberally construe *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law, *see Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)), and a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. See *Iqbal*, 556 U.S. at 678-679.

Although a court typically cannot consider "matters outside of the pleadings" when deciding a motion to dismiss, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), copies of documents attached as exhibits to a pleading are "part of the pleadings for all purposes." Rule 10(c) of the Federal Rules of Civil Procedure.

### IV. ANALYSIS

Section 1983 of Title 42 provides a civil remedy to vindicate the violation of an individual's federal constitutional rights. *Graham v. Connor*, 490 U.S. 386, 393-394 (1989). Plaintiff alleges that Defendants deliberately made false statements that were used to obtain the search warrant at issue. *See* Complaint at 2. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." A Fourth Amendment claim under Section 1983 can be based upon the type of allegations made by Plaintiff. *Butler v. City of Detroit, Michigan*, 936 F.3d 410, 418 (6th Cir. 2019); *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989).[3]

A. Statute of Limitations

Like any civil claim, a claim under Section 1983 is subject to a statute of limitations that requires the claim to be brought within a certain time period. Both parties agree that the statute of limitations for Plaintiff's Section 1983 claim is the one year period set out in Tenn. Code Ann.

---

[3] Plaintiff's complaint does not refer to the violation of any specific constitutional rights and does not set out any specific claims, but instead merely labels his claim against Defendants as "Count Two." Such a complaint exemplifies the difficult dilemma often faced by courts when presented with a *pro se* complaint. While a *pro se* complaint is to be afforded a certain measure of liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the application of a liberal construction must have some limits, and the court is not required to create a plaintiff's claims for him. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Felts v. Cleveland Hous. Auth.*, 821 F.Supp.2d 968, 971 (E.D. Tenn. 2011); *Starkey v. Staples, Inc.*, 2014 WL 1278670 at *1 (M.D.Tenn. Mar. 31, 2014) (Sharpe, J.). This conundrum is especially difficult when constitutional litigation is involved because the realm of potential constitutional claims and theories is both expansive and nuanced. In the instant case, Plaintiff specifically states that his claim arises from "false statements used to obtain a search warrant." Given the issues noted herein, the undersigned construes the complaint as asserting only this Fourth Amendment claim and declines to address any other possible claims that might exist.

5

§ 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Although the duration of the applicable statute of limitations for a Section 1983 claim is governed by state law, the question of when the statute of limitations begins to run is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). A limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim. *Eidson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Generally, a Fourth Amendment claim accrues on the date of the alleged illegal search and seizure. *See Hornback v. Lexington–Fayette Urban Cnty., Gov't*, 543 Fed.App'x 499, 502 (6th Cir. 2013); *Harper v. Jackson*, 293 Fed.App'x 389, 392 n.1 (6th Cir. 2008); *Ford v. Batts*, 2019 WL 4126076 at *2 (W.D.Ky. Aug. 29, 2019); *Mathias v. Edwards*, 2018 WL 4690395 at *2 (W.D.Tenn. Sept. 27, 2018); *Berry v. Giles*, 2015 WL 5944410 at *4 (M.D.Tenn. Oct. 13, 2015) (Trauger, J.).

In the instant case, the vehicle search occurred on March 14, 2017. Plaintiff alleges that he left Tennessee soon after being released from the Sumner County Jail on March 13, 2017, and, thus, he appears to allege that, at the time the search was conducted, he was not aware of the search warrant and that false statements were used to support the search warrant.[4] However, the arrest warrant for Plaintiff on the felony shoplifting charge, which refers to the false statements and to the search warrant, was executed on Plaintiff on May 19, 2017.[5] By at least this date, Plaintiff was aware, or should have been aware, of the false statements made by Defendants Jones and Washburn and, thus, was aware, or should have been aware, of the injury that forms the basis of his Fourth Amendment claim. Plaintiff's complaint, which was brought nearly two years after May 19, 2017, is therefore untimely. *Mathias*, *supra*.

---

[4] For the purposes of reviewing the motion to dismiss, the Court assumes as true that false statements were made by Defendants as alleged by Plaintiff.

[5] *See* Complaint at 7.

6

Plaintiff argues for a later accrual date, contending that he did not suffer an actual injury and that the statute of limitations did not begin to run until he pled guilty to the misdemeanor theft charge in exchange for dismissal of the felony charge.[6] He argues that he was injured by being forced to accept a longer sentence on the misdemeanor charge than he would have otherwise received.

This argument is unpersuasive. First, Plaintiff offers no legal support for his argument. Further, the constitutional injury that forms the basis of Plaintiff's Fourth Amendment claim occurred when the false statements were used to obtain the search warrant, not when Plaintiff eventually entered into a plea agreement to resolve the criminal charges that were brought against him. Finally, Plaintiff's belief that the length of his sentence was "longer" than it would have been had he also not been charged with felony theft is entirely speculative.

B. Defendants' Alternative Arguments for Dismissal

Because the Court concludes that Plaintiff's complaint is untimely, it is not necessary to reach the merits of the alternative arguments raised by Defendants.[7]

---

[6] Although Plaintiff asserts in his Response that he entered into a plea agreement on May 17, 2018, see Docket Entry No. 13 at 2, this allegation is not contained in Plaintiff's actual pleading. A plaintiff may not amend his complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853 at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[7] Even if the Court was to consider the merits, a Rule 12(b)(6) dismissal on the alternative grounds argued by Defendants is not appropriate. As alternatives to their statute of limitations defense, Defendants argue: (1) that probable cause existed to support the issuance of the search warrant regardless of consideration of the false statements; *see* Memorandum in Support at 6-7, and (2) that the inevitable discovery exception should apply to this case because the Gallatin Police Department "in the absence of a search warrant, would have conducted an inventory search of the vehicle upon impounding it." *Id*. at 8. A dismissal at this juncture is not supported given that the arguments raised are fact dependent but have been raised in a Rule 12(b)(6) motion, which assesses only the legal sufficiency of the allegations of the complaint. With respect to their first argument about the existence of probable cause, Defendants have not shown that the type of probable cause inquiry required by this argument is appropriately made upon a Rule 12(b)(6) motion that challenges a civil case brought under Section 1983. *See Butler, supra; Peffer v. Stephens*, 880 F.3d 256, 263 (6th Cir. 2018); *Hill*, 884 F.2d at 275-76; *Burda Bros., Inc. v. Walsh*, 22 Fed.App'x 423, 432 n.8. (6th Cir. 2001). With respect to Defendants' inevitable discovery argument, this defense necessarily relies on facts about the Gallatin Police Department's inventory search and impoundment policies

7

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the motion to dismiss filed by Defendants Brad Jones and Gregory Washburn (Docket Entry No. 9) be GRANTED with respect to Defendants' statute of limitations defense and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

that are not alleged in the complaint and are outside the scope of determining a motion to dismiss brought under Rule 12(b)(6).